UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.

GARRICK L. WILSON,
  *Defendant-Appellant.*

No. 02-4647

Appeal from the United States District Court
for the District of South Carolina, at Florence.
Terry L. Wooten, District Judge.
(CR-02-146)

Submitted: February 27, 2003

Decided: March 28, 2003

Before LUTTIG, MICHAEL, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Hervery B. O. Young, Assistant Federal Public Defender, Florence, South Carolina, for Appellant. J. Strom Thurmond, Jr., United States Attorney, Alfred W. Bethea, Jr., Assistant United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

# OPINION

PER CURIAM:

Garrick L. Wilson pled guilty to possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2000). The district court imposed a sentence of 216 months based on Wilson's status as an armed career criminal pursuant to 18 U.S.C. § 924(e) (2000). Wilson appeals his sentence as an armed career criminal. We affirm.

We review legal issues concerning sentences de novo. *United States v. Daughtrey*, 874 F.2d 213, 217 (4th Cir. 1989). Similarly, the legal determinations attendant to the application of the Armed Career Criminal Act are reviewed de novo. *See* 18 U.S.C. § 924(e)(1) (2000); *United States v. Brandon*, 247 F.3d 186, 188 (4th Cir. 2001).

Wilson first asserts his two drug convictions cannot qualify as "serious drug offenses" as defined in 18 U.S.C. § 924(e)(2)(A)(iii) (2000), because he was sentenced under the South Carolina Youthful Offender Act, which prescribes a sentence not to exceed six years imprisonment. S.C. Code Ann. § 24-19-50 (Law. Co-op. 2002). To determine whether a prior conviction may be counted under the Armed Career Criminal Act, the court looks at the statutory penalty for the conviction. *See Taylor v. United States*, 495 U.S. 575, 600 (1990); *United States v. Moore*, 286 F.3d 47, 48-49 (1st Cir. 2002); *Brandon*, 247 F.3d at 188. We find that Wilson's two drug convictions fall within the statutory definition of serious drug crime and therefore are properly counted as convictions under the Armed Career Criminal Act.

Wilson next asserts that South Carolina sentences were imposed on his four convictions on two occasions, two drug offenses were sentenced on one date and two violent felonies were sentenced on another. He argues that the two drug convictions should be counted as one conviction and the remaining two convictions should count as a second conviction. Following this reasoning, Wilson claims he has, at most, two prior qualifying convictions. This assertion is without merit. *See United States v. Williams*, 187 F.3d 429, 431 (4th Cir. 1999); *United States v. Hobbs*, 136 F.3d 384, 388 (4th Cir. 1998); *United States v. Letterlough*, 63 F.3d 332, 335-36 (4th Cir. 1995).

Accordingly, we affirm Wilson's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

*AFFIRMED*