PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                    No. 06-4124

RODRICK DELANE WILLIAMS,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the District of South Carolina, at Rock Hill.
Cameron McGowan Currie, District Judge.
(0:05-cr-00499-cmc)

Argued: September 26, 2007

Decided: November 15, 2007

Before WILLIAMS, Chief Judge, SHEDD, Circuit Judge, and
Robert E. PAYNE, Senior United States District Judge for the
Eastern District of Virginia, sitting by designation.

Affirmed by published opinion. Chief Judge Williams wrote the opinion, in which Judge Shedd and Senior Judge Payne joined.

## COUNSEL

**ARGUED:** Langdon Dwight Long, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant. Tara L. McGregor, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee. **ON BRIEF:**

Charles Sochran, First Year Law Student, OFFICE OF THE FED-
ERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appel-
lant. Reginald I. Lloyd, United States Attorney, Columbia, South
Carolina, for Appellee.

---

**OPINION**

WILLIAMS, Chief Judge:

Rodrick Delane Williams appeals his sentence of 180 months'
imprisonment for one count of being a felon in possession of a fire-
arm and ammunition, in violation of 18 U.S.C.A. §§ 922(g)(1),
924(a), and 924(e) (West 2000 & Supp. 2006). Williams argues that
the district court erred in sentencing him under the Armed Career
Criminal Act, 18 U.S.C.A. § 924(e) (the "ACCA"), which mandates
a minimum sentence of fifteen years if a defendant has three prior
convictions for "serious drug offense[s]" or "violent felon[ies]." To
qualify as a "serious drug offense," a prior conviction must carry a
maximum term of imprisonment of ten years or more. *Id.* § 924(e).
Williams contends that one of his prior convictions does not meet this
requirement because he received a sentence for the conviction under
South Carolina's Youthful Offender Act ("YOA"), S.C. Code Ann.
§ 24-19-50 (2007), which, in his view, permits state courts to cap the
maximum penalty for certain offenders at six years' imprisonment.
Because Williams's argument misconstrues the relevant statutes, we
affirm the sentence imposed by the district court.

I.

On May 3, 2005, a grand jury in the District of South Carolina
charged Williams with one count of being a felon in possession of a
firearm and ammunition, in violation of 18 U.S.C.A. §§ 922(g)(1),
924(a), and 924(e). On July 19, 2005, Williams pleaded guilty to the
charged offense pursuant to a plea agreement with the Government.

Williams's presentence report (PSR) identified three prior convic-
tions as qualifying predicate convictions for purposes of the ACCA.
Accordingly, the PSR provided that "[p]ursuant to U.S.S.G.

§ 4B1.4(a), the defendant is subject to an enhanced sentence under the provisions of Title 18 U.S.C. § 924(e) as an armed career criminal." (J.A. at 76.)[1] Williams objected to the PSR on the ground that his prior conviction for Failure to Stop for Blue Lights was not a predicate offense under the ACCA.[2]

At sentencing, Williams further objected to the PSR on the ground that his 1995 conviction for possession with intent to distribute crack cocaine, in violation of S. C. Code Ann. § 44-53-375 (2002 & Supp. 2006) (the "1995 conviction"), did not qualify as a predicate offense under § 924(e) because he had been sentenced under the YOA, which permitted the state court to designate him as an offender who could not receive a sentence in excess of six years (and thus was not subject to a maximum penalty of ten years or more).

The district court overruled both of Williams's objections to the PSR. Regarding the YOA argument, the district court found that "the offense carried a sentence that was ten years or greater, and . . . the fact that the judge had the discretion to sentence [Williams] under the YOA to a sentence that, in fact, did not exceed five years consecutive . . . does not change the fact that this was a . . . serious drug offense within the meaning of the Armed Career Offender Statute . . . ." (J.A. at 50.) In making this finding, the district court relied heavily on the record of Williams's guilty plea to the 1995 offense. The record revealed that when Williams pleaded guilty in exchange for the Government's promise to recommend a "YOA one to six-year sentence," (J.A. at 47), he acknowledged that the plea agreement did not bind the court, which could impose a higher sentence. Specifically, Williams "acknowledg[ed] . . . the 15-year penalty for distribution of crack cocaine." (J.A. at 49.) The district court thus concluded that the sentencing court "was not bound by th[e] YOA agreement," and could have declined to sentence Williams under the YOA. (J.A. at 48.) Accordingly, the district court determined that the prior offense carried a maximum sentence of at least ten years and therefore constituted a "serious drug offense" that qualified as a predicate offense under the ACCA.

---

[1]Citations to "(J.A. at ___.)" refer to the contents of the joint appendix filed by the parties to this appeal.

[2]Williams does not pursue this objection on appeal.

Because of his status as an armed career criminal under § 924(e), Williams was subject to a statutory 180-month mandatory minimum sentence. The district court "s[aw] no need to give him any more than the minimum," (J.A. at 52), and therefore sentenced Williams to 180 months' imprisonment followed by a five-year term of supervised release.

Williams timely appealed his sentence.[3] We have jurisdiction pursuant to 18 U.S.C.A. § 3742(a) (West 2000) (providing for appellate jurisdiction over a "final sentence" entered by the district court) and 28 U.S.C.A. § 1291 (West 2006) (providing for appellate jurisdiction over "final decisions" of the district court).

## II.

We review *de novo* the question of whether a prior conviction qualifies as a predicate conviction under the Armed Career Criminal Act, 18 U.S.C. § 924(e). *United States v. Baseen Shakir Williams*, 326 F.3d 535, 537 (4th Cir. 2003).[4]

The ACCA provides for a mandatory minimum sentence of fifteen years where a defendant has three prior convictions for a "violent felony" or "serious drug offense," or both. 18 U.S.C.A. § 924(e)(1). An offense under state law is a "serious drug offense" if it "involv[es] manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. § 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law." *Id.* § 924(e)(2)(A)(ii).

Williams raises only one issue on appeal — whether his 1995 conviction meets the definition of "serious drug offense" in § 924(e)(2)(A)(ii). He does not dispute that the crime constitutes an offense under state law that involved possessing with intent to distrib-

---

[3]Williams's plea agreement does not contain an appeal waiver.

[4]To avoid confusion between the defendant in this case and the defendant in our prior decision, we refer to our previous decision as *United States v. Baseem Shakir Williams*, 326 F.3d 535 (4th Cir. 2003).

ute a controlled substance. Williams argues only that because he was sentenced under the YOA, the 1995 conviction was not one for which a maximum term of imprisonment of ten years or more was prescribed by law, and therefore does not meet § 924(e)(2)(A)(ii)'s definition of a "serious drug offense."

According to Williams, the YOA accords sentencing courts the discretion to designate certain defendants as offenders who cannot be sentenced to more than six years' imprisonment. *See* S.C. Code Ann. § 24-19-50(3) (providing that a court may sentence a "youthful offender indefinitely to the custody of the department for treatment and supervision . . . until discharged by the division, the period of custody not to exceed six years"). In his view, once the district court uses the YOA to designate an offender as one who cannot receive a sentence in excess of six years, the offense of conviction no longer carries a possible term of imprisonment of ten years or more and therefore does not qualify as a "serious drug offense." We disagree.

Williams's characterization of sentencing under the YOA contradicts both the language of the YOA itself and the record of the state court proceedings related to his 1995 conviction. To be sure, the YOA does contain a provision permitting sentencing courts to commit youthful offenders to an indefinite period of treatment not to exceed six years.[5] *See* S.C. Code Ann. § 24-19-50(3). The YOA also pro-

---

[5]The YOA defines "youthful offender" as an offender who is:

(i) under seventeen years of age and has been bound over for proper criminal proceedings to the court of general sessions pursuant to Section 20-7-7605 for allegedly committing an offense that is not a violent crime, as defined in Section 16-1-60, and that is a misdemeanor, a Class D, Class E, or Class F felony, as defined in Section 16-1-20, or a felony which provides for a maximum term of imprisonment of fifteen years or less, or

(ii) seventeen but less than twenty-five years of age at the time of conviction for an offense that is not a violent crime, as defined in Section 16-1-60, and that is a misdemeanor, a Class D, Class E, or Class F felony, or a felony which provides for a maximum term of imprisonment of fifteen years or less.

S.C. Code Ann. § 24-19-10(d) (2007).

vides, however, that the court "may sentence the youthful offender under any other applicable penalty provision" if it "finds that the youthful offender will not derive benefit from treatment." S.C. Code Ann. § 24-19-50(4). Moreover, the language of the YOA is permissive, not mandatory. The statute provides that "in the event of a conviction of a youthful offender the court *may*" employ one of the sentencing alternatives set forth in the YOA. S.C. Code Ann. § 24-19-50 (emphasis added). The YOA does not require that South Carolina courts sentence youthful offenders under § 24-19-50. Rather, it gives courts the option to do so. Williams's argument that the YOA precluded the state court from sentencing him to more than six years thus contradicts the statute's plain language, which simply sets forth a discretionary sentencing alternative.

Indeed, Williams concedes that, as a factual matter, he could have received a sentence of up to 15 years' imprisonment for the 1995 conviction, the maximum penalty prescribed for the offense. *See* S.C. Code Ann. § 44-53-375(B)(1) (stating that a person convicted of possessing cocaine base with intent to distribute "for a first offense, must be sentenced to a term of imprisonment of not more than fifteen years or fined not more than twenty-five thousand dollars, or both"). Williams acknowledged at his sentencing for the 1995 offense that the court was not required to accept the plea agreement in which he agreed to a YOA sentence and that he was potentially subject to the 15-year maximum for the offense of conviction. At oral argument, Williams's counsel also admitted that Williams could have received a sentence of fifteen years for the 1995 conviction.

It is impossible to square Williams's argument that the YOA precluded the state court from imposing a sentence of more than six years for the 1995 conviction with Williams's admission that the state court could have sentenced him to as many as 15 years. In effect, Williams's contention that, by sentencing him under S.C. Code Ann. § 24-19-50(3), the state court eliminated the possibility of a ten-year sentence for the 1995 conviction boils down to an argument that, in determining whether the 1995 conviction qualifies as a predicate offense under § 924(e), we should look to the sentence actually imposed, rather than the range of penalties to which Williams was potentially subject.

Williams's approach, however, runs counter to the plain language of § 924(e)(2)(A)(ii)'s definition of "serious drug offense," which encompasses crimes "for which a *maximum* term of imprisonment of ten years or more is *prescribed by law*" and contains no reference to the sentence actually imposed. *Id.* § 924(e)(2)(A)(ii) (emphasis added); *see McCarthy v. United States*, 135 F.3d 754, 757 n.3 (11th Cir. 1998) (rejecting an "invitation to look to the actual sentence imposed for a predicate offense" rather than the statutory maximum because "[s]uch an approach flies in the face of the plain meaning of the statutory language, which refers to the 'maximum sentence' not to the actual sentence imposed"). On its face, § 924(e)(2)(A)(ii) directs courts to consider the *statutory penalty* for the prior conviction, not the sentence the defendant *in fact* received. A prior conviction therefore qualifies as a "serious drug offense" if the statute of conviction permits the imposition of a sentence of ten years or more.[6]

Our sister circuits have likewise concluded that § 924(e)(2)(A)(ii)'s reference to the "maximum term of imprisonment . . . prescribed by law" pertains to the statutory penalty for the predicate offense. Both the Seventh and Eleventh Circuits have rejected arguments that § 924(e)(2)(A)(ii) refers to the sentence imposed for the prior conviction. *See United States v. Henton*, 374 F.3d 467, 470 (7th Cir. 2004) (explaining that, for § 924(e) purposes, the sentence a defendant in fact received for the prior offense is irrelevant because "what matters is the sentence that the state statute made possible"); *McCarthy*, 135 F.3d at 757 (holding that "the statutory maximum sentence is the sentence referred to by [§ 924(e)(2)(A)(ii)'s definition of 'serious drug offense']"). Similarly, the First Circuit has held that a defendant's state convictions constituted "serious drug offense[s]" even though they were adjudicated in Massachusetts district court, "which, by statute, cannot impose a sentence of more than two and one-half years"

---

[6]In addition, we note that the Supreme Court has expressly eschewed a "factual approach" to determining whether a prior conviction meets the requirements of § 924(e), in which "a particular crime might sometimes count towards enhancement and sometimes not, depending on the facts of the case". *See Taylor v. United States*, 495 U.S. 575, 601 (1990); *see also Baseem Shakir Williams*, 326 F.3d at 538 (applying *Taylor*'s approach to determine whether a prior offense constituted a "serious drug offense" under § 924(e)(2)(A)(ii)).

because the statute of conviction "allow[ed] for a maximum possible penalty of ten years' incarceration." *United States v. Moore*, 286 F.3d 47, 48-49 (1st Cir. 2002).

Moreover, we have reached similar conclusions in interpreting analogous statutory provisions and Sentencing Guidelines. *See United States v. Harp*, 406 F.3d 242, 246 (4th Cir. 2005) (holding that, in determining whether a prior offense is "punishable by imprisonment for a term exceeding one year" for purposes of designating a defendant as a career offender under the United States Sentencing Guidelines, courts must consider "the maximum *aggravated* sentence that could be imposed for that crime upon a defendant with the worst possible criminal history," because Congress drafted the enhancement to cover crimes punishable by a term of imprisonment exceeding one year, not "individuals punished by" or "sentenced for" imprisonment for more than a year (emphasis in original)); *United States v. Jones*, 195 F.3d 205, 207 (4th Cir. 1999) (same); *United States v. Coleman*, 158 F.3d 199, 203-04 (4th Cir. 1998) (en banc) (rejecting an argument that, in applying 18 U.S.C.A. § 921(a)(20)(B) (West 2000) to cases in which there exists no statutory maximum penalty for a prior offense, "the actual sentence imposed is determinative of whether an offense was 'punishable' by a term of imprisonment of greater than two years" because the plain language of § 921(a)(20)(B) "unambiguously indicates that the critical inquiry in determining whether a state offense fits within the misdemeanor exception is whether the offense is 'punishable' by a term of imprisonment greater than two years—not whether the offense 'was punished' by such a term of imprisonment").[7]

Williams claims that, in *Baseem Shakir Williams*, we took a contrary approach to interpreting § 924(e)(2)(A)(ii). *Baseem Shakir Wil-*

---

[7]We note that we have also addressed the precise issue Williams raises, but in an unpublished opinion. *See United States v. Wilson*, 60 F. App'x. 445, 445-46 (4th Cir. 2003) (unpublished) (holding that because courts must determine whether a prior conviction qualifies as a "serious drug offense" by "look[ing] at the statutory penalty for the conviction," the defendant's prior drug convictions fit within the Act's definition of "serious drug offense" even though the defendant was sentenced under the YOA).

*liams*, however, does not help his position. There, we considered whether a defendant's prior convictions for offenses classified as "third degree crimes" under New Jersey law qualified as predicate offenses for purposes of § 924(e). 326 F.3d at 537. A New Jersey statute provided that third degree crimes were ordinarily punishable by a maximum term of imprisonment of five years, *id.* at 539, but a separate statutory provision authorized an extended sentence of no more than 10 years for recidivists if certain procedural safeguards were exercised, *id.* Absent exercise of the procedural safeguards, a defendant could not receive an enhanced sentence. *Id.* In light of this framework, we concluded that the maximum sentence prescribed by law in cases in which the state opted not to exercise the procedural safeguards was five years. *Id.* Thus, we expressly based our determination on the maximum term of imprisonment that the state court could have imposed, not the sentence the defendant actually received.[8]

The other case on which Williams relies, *United States v. Morton*, 17 F.3d 911 (6th Cir. 1994), is also bereft of support for his interpretation of § 924(e)(2)(A)(ii). *Morton* dealt with a situation in which the state legislature amended its drug laws after the defendant was sentenced in state court for his prior convictions, thereby lowering the maximum penalty for those offenses. The Sixth Circuit held that in

---

[8]In *Baseem Shakir Williams*, we did not consider the effect of statutory provisions authorizing sentencing enhancements based solely on recidivism in determining the maximum sentence prescribed by law for a predicate offense. Our sister circuits have split on the question. *Compare United States v. Henton*, 374 F.3d 467, 469 (7th Cir. 2004) (distinguishing *Baseem Shakir Williams*, and holding that a violation of an Illinois statute that provided "that possession of less than a gram of cocaine with the intent to deliver is a Class 2 felony" carrying a statutory maximum of seven years but also permitting "any person convicted of a second or subsequent offense . . . [to] be sentenced to imprisonment for a term up to twice the maximum term otherwise authorized" qualified as a "serious drug offense" if the offender was eligible for the enhancement (internal quotation marks omitted)), *with United States v. Rodriquez*, 464 F.3d 1072, 1080 (9th Cir. 2006) ("For federal sentencing enhancement purposes, when we consider the prison term imposed for a prior offense, we must consider the sentence available for the crime itself, without considering separate recidivist sentencing enhancements." (internal quotation marks omitted)).

determining whether a prior state conviction carries a maximum term of imprisonment of at least ten years and therefore qualifies as a "serious drug offense" under § 924(e)(2)(A)(ii), courts should look to the maximum term of imprisonment permitted by state law at the time of sentencing in federal court for a § 922(g) violation, not at the time of the state conviction. *Id.* at 914-15. The maximum penalty for Williams's 1995 conviction was the same at the time of his federal sentencing for the § 922(g) violation as it was when Williams was sentenced for the prior offense in state court. *Morton* is completely inapposite. A state court's decision to employ a discretionary alternative sentencing scheme is not analogous to a state legislature's decision to amend the statute of conviction, because the later may alter the statutory penalty for the prior offense, while the former cannot.

Accordingly, we conclude that because the statutory penalty for Williams's 1995 conviction exceeded 10 years' imprisonment, the 1995 conviction was one "for which a maximum term of imprisonment of ten years or more is prescribed by law" and therefore qualifies as a "serious drug offense" within the meaning of § 924(e)(2)(A)(ii). Williams concedes that the state court could have sentenced him to as many as 15 years. He cannot evade the plain language of § 924(e)(2)(A)(ii) by arguing that as soon as he received a YOA sentence of six years or less, he could not have been sentenced to ten years or more.

III.

In sum, we join our sister circuits in holding that whether a prior conviction meets the requirements of § 924(e)(2)(A)(ii) depends on the statutory penalty for the offense, not the sentence actually imposed. We therefore agree with the district court that Williams's 1995 conviction was one "for which a maximum term of imprisonment of ten years or more [wa]s prescribed by law," § 924(e)(2)(A)(ii), despite the fact that the state court exercised the discretion afforded it by the YOA to sentence him to an indefinite period of confinement not to exceed six years. Accordingly, the judgment of the district court is

*AFFIRMED.*