**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 11-4066**

———————————

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

    v.

SILAS JUNIOR MOBLEY,

                Defendant - Appellant.

———————————

**No. 11-4606**

———————————

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

    v.

MARVIN SUNTATE MOBLEY,

                Defendant - Appellant.

———————————

Appeals from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., Chief District Judge. (3:09-cr-00189-RJC-2; 3:09-cr-00189-RJC-DCK-3)

———————————

Submitted: April 23, 2012         Decided: May 14, 2012

———————————

Before NIEMEYER and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Randolph Marshall Lee, Charlotte, North Carolina; Andrew B. Banzhoff, DEVEREUX & BANZHOFF, Asheville, North Carolina, for Appellants. Anne M. Tompkins, United States Attorney, Richard L. Edwards, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Silas Junior Mobley ("Silas") and Marvin Suntate Mobley ("Marvin") were convicted after a jury trial of one count each of conspiracy to distribute and to possess with the intent to distribute at least five kilograms of cocaine, in violation of 21 U.S.C.A. § 841(b)(1)(A) (West 2006 & Supp. 2011) and 21 U.S.C. § 846 (2006), and one count each of attempted possession with the intent to distribute at least 500 grams of cocaine and aiding and abetting, in violation of 18 U.S.C. § 2 (2006), 21 U.S.C.A. § 841(b)(1)(B), and 21 U.S.C. § 846. The district court sentenced both Silas and Marvin to terms of life imprisonment on the conspiracy counts and concurrent terms of 120 months' imprisonment on the attempt counts, and they now appeal. Finding no error, we affirm.

Marvin argues that the motion to withdraw filed by his trial counsel was erroneously denied. Because the magistrate judge, rather than the district court, issued the ruling denying the motion to withdraw, Rule 59(a) of the Federal Rules of Criminal Procedure governs. Rule 59(a) requires that a party object to a magistrate judge's determination on "any matter that does not dispose of a charge or defense" within fourteen days after being served with a copy of the written order or after the oral order is stated on the record. Fed. R. Crim. P. 59(a).

"Failure to object in accordance with this rule waives a party's right to review."  Id.

In this case, the magistrate judge entered the ruling denying the motion to withdraw filed by Marvin's counsel.  The record does not indicate that Marvin ever objected to the magistrate judge's ruling before the district court. Accordingly, Marvin has waived appellate review of this issue. Id.; United States v. Schronce, 727 F.2d 91, 93-94 (4th Cir. 1984) ("We do not believe . . . that the [Federal Magistrates] Act can be interpreted to permit a party . . . to ignore his right to file objections with the district court without imperiling his right to raise the objections in the circuit court of appeals.").

Next, both Silas and Marvin contend that the district court's instructions to the jury regarding its finding on drug quantity contravened this court's decision in United States v. Collins, 415 F.3d 304, 311-15 (4th Cir. 2005).  Because Silas and Marvin did not object to the district court's drug quantity instructions at the time they were given, we review this claim for plain error only.  United States v. Foster, 507 F.3d 233, 249 (4th Cir. 2007).  After a review of the record and the parties' briefs, we conclude that the district court did not commit error—plain or otherwise—under Collins because the court's instructions directed the jury to determine the drug

4

quantity reasonably foreseeable to Silas and Marvin individually, as opposed to the conspiracy as a whole.

Marvin also challenges the district court's imposition of the statutory minimum sentence of life imprisonment on the conspiracy count, arguing that the court erred in concluding that his 1997 South Carolina state conviction qualified as a predicate felony drug offense under 21 U.S.C.A. § 841(b)(1)(A). We review de novo the district court's interpretation of the term "felony drug offense" used in § 841(b)(1)(A). United States v. Burgess, 478 F.3d 658, 661 (4th Cir. 2007).

A "felony drug offense" is "punishable by imprisonment for more than one year under any law of the United States or of a State . . . that prohibits or restricts conduct relating to narcotic drugs." 21 U.S.C.A. § 802(44) (West Supp. 2011). Marvin asserts that his 1997 conviction does not qualify as a felony drug offense because he was sentenced for the conviction under South Carolina's Youthful Offender Act ("YOA"), S.C. Code Ann. § 24-19-50 (2005), to five years in the custody of the state's youthful offender division, suspended, and a three-year term of probation.

We conclude that the district court properly determined that the 1997 conviction was a predicate felony drug offense under § 841(b)(1)(A). The conviction was for possession of cocaine base, in violation of S.C. Code Ann. § 44-53-375(A)

5

(2002), and was punishable by up to five years' imprisonment. The fact that Marvin was given a sentence under the YOA for that conviction simply has no legal significance. See United States v. Williams, 508 F.3d 724, 726-30 (4th Cir. 2007) (upholding a youthful offender offense as an armed career criminal predicate).

Accordingly, we affirm the district court's judgments. We construe Silas' pro se letter as a motion seeking leave to file a pro se supplemental brief and deny the motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED