**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 12-4073**

───────────────

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

      v.

JAROD A. BROWN,

              Defendant - Appellant.

───────────────

Appeal from the United States District Court for the District of South Carolina, at Charleston.  Patrick Michael Duffy, Senior District Judge.  (2:10-cr-01096-PMD-1)

───────────────

Submitted:  September 13, 2012    Decided:  September 26, 2012

───────────────

Before GREGORY, DUNCAN, and AGEE, Circuit Judges.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

Richard N. Buchanan, Charleston, South Carolina, for Appellant. Robert Nicholas Bianchi, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jarod Brown pled guilty to possessing firearms as a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006). The district court sentenced him under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e) (2006), to the statutory mandatory minimum of fifteen years' imprisonment. Brown appeals. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious issues for review but questioning whether the district court conducted an adequate Fed. R. Crim. P. 11 colloquy, whether trial counsel was ineffective, and whether the district court erred in sentencing Brown under the ACCA. Brown was notified of his right to file a supplemental pro se brief but has not done so. We affirm.

Prior to accepting a plea, a trial court must conduct a plea colloquy in which it informs the defendant of, and determines that the defendant comprehends, the nature of the charges to which he is pleading guilty, any mandatory minimum penalty, the maximum possible penalty he faces, and the rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). The district court "must determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3). The district court also must ensure that the defendant's plea was

2

voluntary and did not result from force or threats. Fed. R. Crim. P. 11(b)(2). Because Brown did not properly preserve any error in his plea proceeding or Rule 11 colloquy, we review the proceeding for plain error. See United States v. Massenburg, 564 F.3d 337, 342-43 (4th Cir. 2009); see also United States v. Olano, 507 U.S. 725, 732 (1993) (requiring appellant to demonstrate error occurred, was plain, and affected his substantial rights).

While the district court made two minor omissions during the plea colloquy, see Fed. R. Crim. P. 11(b)(1)(D), (M), we conclude Brown cannot establish plain error in these omissions. See Massenburg, 564 F.3d at 343; see also United States v. Saft, 558 F.2d 1073, 1080 (2d Cir. 1977) (addressing failure to advise of right to counsel). Rather, the district court substantially complied with the requirements of Rule 11 and ensured that Brown's plea was knowing and voluntary and supported by an adequate factual basis. See DeFusco, 949 F.3d at 116, 119-20. Thus, we conclude that Brown is not entitled to relief on this ground.

Next, counsel questions whether trial counsel was ineffective in failing to obtain a conditional guilty plea preserving appellate review of Brown's suppression arguments or in failing to properly advise Brown regarding the effect of his guilty plea on those arguments. As counsel appropriately notes,

3

however, claims of ineffective assistance of counsel "are generally not cognizable on direct appeal . . . unless it conclusively appears from the record that defense counsel did not provide effective representation." United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008) (internal quotation marks omitted). Instead, such claims are properly raised in a motion pursuant to 28 U.S.C.A. § 2255 (West Supp. 2012). United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Because the record does not conclusively establish ineffective assistance of counsel, we decline to consider such claims at this juncture.

Turning to Brown's armed career criminal designation, we review the district court's application of a statutory sentencing enhancement de novo. United States v. Carr, 592 F.3d 636, 639 n.4 (4th Cir. 2010). A defendant may be properly sentenced under the ACCA if he violates 18 U.S.C. § 922(g)(1) and has at least three prior convictions for violent felonies or serious drug offenses "committed on occasions different from one another." 18 U.S.C. § 924(e)(1) (2006). The record demonstrates that Brown had three prior convictions for controlled substance offenses occurring on separate occasions and punishable by more than ten years' imprisonment. See S.C. Code Ann. §§ 44-53-370, 44-53-375(B)(1) (2006) (statutory maximum sentences); United States v. Williams, 508 F.3d 724, 727-31 (4th Cir. 2007) (finding convictions under Youthful

4

Offender Act acceptable ACCA predicates); United States v. Letterlough, 63 F.3d 332, 337 (4th Cir. 1995) (addressing when predicate convictions occurred "on occasions different from one another" under ACCA). Thus, we conclude that the district court did not err in the imposition of the enhanced sentence.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Brown, in writing, of the right to petition the Supreme Court of the United States for further review. If Brown requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Brown.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED