**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4305**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

RITA MARSHAL ONEIL,

                    Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.   Terry L. Wooten, Chief District Judge.  (4:10-cr-00203-TLW-7)

Submitted:  September 17, 2013       Decided:  October 10, 2013

Before TRAXLER, Chief Judge, and SHEDD and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Rita Marshal Oneil, Appellant Pro Se.   Carrie Fisher Sherard, Assistant United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rita Marshal Oneil pled guilty pursuant to a plea agreement to conspiracy to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 846 (2006), and was sentenced to 135 months' imprisonment. We vacated Oneil's sentence and remanded for resentencing in light of Dorsey v. United States, 132 S. Ct. 2321, 2326 (2012) (holding that the penalty provisions of the Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111-220, 124 Stat. 2372, apply retroactively to defendants who committed their offenses prior to the August 3, 2010 enactment date but were not sentenced until after that date). On remand, the district court applied the FSA to Oneil, calculated her Guidelines range under the U.S. Sentencing Guidelines Manual ("USSG") at 135 to 168 months' imprisonment, imposed a downward variance, and sentenced her to 121 months' imprisonment. Oneil appeals this sentence.[*] We affirm.

We review the district court's sentence, "whether inside, just outside, or significantly outside the Guidelines range," under a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). This standard of review involves two steps; under the first, we review the

_____

[*] Although we appointed counsel to represent Oneil, Oneil opted to represent herself on appeal, and counsel was permitted to withdraw from representation.

sentence for significant procedural errors, and under the second, we review the substance of the sentence. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007) (examining Gall, 552 U.S. at 50-51).

Oneil argues first that the district court erred in calculating her Guidelines range based on the 100:1 drug weight ratio of powder cocaine to cocaine base reflected in USSG § 2D1.1, rather than the 18:1 drug weight ratio required by the FSA and our order remanding the case for resentencing. After review of the record, we conclude that this contention is without merit. At resentencing, the district court employed the 18:1 drug weight ratio in USSG § 2D1.1 in calculating Oneil's Guidelines range.

Next, Oneil challenges the district court's calculation of the applicable statutory penalties, arguing that the court erred in concluding that her 2007 South Carolina state conviction qualified as a predicate felony drug offense under 21 U.S.C.A. § 841(b)(1)(C) (West 2006 & Supp. 2013) and erred in failing to apply the FSA's revised statutory penalties to her. These contentions are also without merit.

A "felony drug offense" is "punishable by imprisonment for more than one year under any law of the United States or of a State . . . that prohibits or restricts conduct relating to narcotic drugs." 21 U.S.C.A. § 802(44) (West Supp. 2013).

3

Oneil asserts that her 2007 conviction does not qualify as a felony drug offense because it was not punishable by imprisonment for a term exceeding one year. We conclude after review of the record that the district court properly determined that the 2007 conviction was a predicate felony drug offense under § 841(b)(1)(C). The conviction was for possession with intent to distribute cocaine, in violation of S.C. Code Ann. § 44-53-370, and was punishable by a term of imprisonment exceeding one year. The fact that the state sentencing court exercised its discretion by suspending Oneil's prison term and allowing her to serve a year of probation for the conviction is of no legal significance. Accord United States v. Williams, 508 F.3d 724, 730 (4th Cir. 2007) ("A state court's decision to employ a discretionary alternative sentencing scheme is not analogous to a state legislature's decision to amend the statute of conviction, because the later may alter the statutory penalty for the prior offense, while the former cannot.").

Because Oneil's 2007 conviction qualifies as a predicate felony drug offense, the district court properly determined at resentencing that the applicable, post-FSA statutory maximum was thirty years' imprisonment. 21 U.S.C.A. § 841(b)(1)(C). The court also properly determined that no mandatory minimum prison term was applicable to Oneil. Id.

Finally, Oneil argues that the district court erred by imposing a "mandatory minimum sentence" of 121 months' imprisonment. We reject this challenge as meritless. Under the FSA, no mandatory minimum prison term was applicable to Oneil, and, at resentencing, the district court correctly determined that no mandatory minimum prison term was applicable to her. The 121-month prison term resulted from the district court's imposition of a downward variance from the applicable Guidelines range, not the application of a mandatory minimum.

Oneil fails to establish that the district court abused its discretion in imposing sentence on remand. Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED