**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 15-4278**

———————————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JAROD A. BROWN,

        Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of South Carolina, at Charleston. Patrick Michael Duffy, Senior District Judge. (2:10-cr-01096-PMD-1)

———————————

Submitted: December 21, 2015      Decided: January 5, 2016

———————————

Before GREGORY, DUNCAN, and AGEE, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Christopher L. Murphy, MURPHY LAW OFFICES, LLC, Mt. Pleasant, South Carolina, for Appellant. William N. Nettles, United States Attorney, Nick Bianchi, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jarod A. Brown appeals his conviction and 180-month sentence imposed following his conditional guilty plea to possession of firearms by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(e) (2012). On appeal, Brown raises several challenges to the district court's denial of his suppression motion and argues that the district court erred in declining to sentence him below the statutory minimum. For the reasons that follow, we affirm.

In evaluating the denial of a suppression motion, we review the district court's factual findings for clear error and its legal determinations de novo. United States v. Green, 740 F.3d 275, 277 (4th Cir.), cert. denied, 135 S. Ct. 207 (2014). We construe the evidence in the light most favorable to the government, the prevailing party. United States v. Davis, 690 F.3d 226, 233 (4th Cir. 2012). Generally, we "defer to a district court's credibility determinations, for it is the role of the district court to observe witnesses and weigh their credibility during a pre-trial motion to suppress." United States v. Abu Ali, 528 F.3d 210, 232 (4th Cir. 2008) (internal quotation marks omitted).

Brown first asserts that his initial incriminating statement to officers, made during his arrest, was taken in

2

violation of Miranda v. Arizona, 384 U.S. 436 (1966). Our review of the record reveals no clear error in the district court's finding that Brown's statement was a spontaneous utterance not prompted by custodial interrogation. See Rhode Island v. Innis, 446 U.S. 291, 300-31 (1980) (defining interrogation in Miranda context).

Brown also argues that his incriminating statements were involuntary because they were made in response to officers' threats that his loved ones would be sent to jail and that a baby present during his arrest would be taken into the custody of the Department of Social Services. We find no clear error in the district court's finding that officers never made such statements.

Brown next asserts that the district court should have found that the officers' search exceeded the scope of the consent they were given to search for Brown and his clothing in his girlfriend's home. Because Brown did not raise this challenge in the district court, we review the issue for plain error. United States v. Carthorne, 726 F.3d 503, 509 (4th Cir. 2013); see Henderson v. United States, 133 S. Ct. 1121, 1126-27 (2013) (defining plain error standard).

Given Brown's testimony during the suppression hearing, it is questionable, at best, whether Brown could establish the

3

"legitimate expectation of privacy" in his girlfriend's apartment needed to demonstrate standing to challenge its search. United State v. Gray, 491 F.3d 138, 144 (4th Cir. 2007); see United States v. Castellanos, 716 F.3d 828, 846 (4th Cir. 2013) (listing relevant factors). Additionally, viewing the evidence in the light most favorable to the Government, the guns were found under the mattress on which Brown attempted to hide, and they were discovered during the search for Brown's clothing. The district court committed no plain error in declining to conclude, sua sponte, that the search exceeded the scope of consent.

Brown also asserts that the district court erred in not sentencing him below the statutory mandatory minimum established by the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). We review a sentence for procedural and substantive reasonableness, applying a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 41, 51 (2007). We review questions of statutory interpretation related to the ACCA enhancement de novo. United States v. Carr, 592 F.3d 636, 639 n.4 (4th Cir. 2010).

We find no error in Brown's sentence. Because the Government did not move for a substantial assistance departure pursuant to 18 U.S.C. § 3553(e) (2012), and the safety valve

4

provision of 18 U.S.C. § 3553(f) (2012) did not apply, the court was not authorized to sentence Brown below the statutory minimum. United States v. Allen, 450 F.3d 565, 568 (4th Cir. 2006). While Brown cites the recent decision in Johnson v. United States, 135 S. Ct. 2551 (2010), that case has no impact on Brown's predicate serious drug offenses, which we previously affirmed as valid ACCA predicates. See United States v. Brown, 494 F. App'x 374, 376 (4th Cir. 2012) (No. 12-4073); see also United States v. Susi, 674 F.3d 278, 283-84 (4th Cir. 2012) (addressing mandate rule in sentencing context). Finally, although Brown claims that the Sentencing Commission exercises an excessive delegation of lawmaking authority that violates the separation of powers principle, Brown's sentence resulted from a statutory floor established by Congress itself.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED