**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4144**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

EMANUEL CHEESEBORO, a/k/a Mandoo,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia. Joseph F. Anderson, Jr., Senior District Judge. (3:16-cr-00558-JFA-1)

Submitted: November 30, 2018                    Decided: December 13, 2018

Before KING and KEENAN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

David Bruce Betts, LAW OFFICES OF DAVID B. BETTS, Columbia, South Carolina, for Appellant. William Kenneth Witherspoon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury found Emanuel Cheeseboro guilty of 11 drug and firearms offenses — four counts of possessing and distributing crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2012); two counts of possessing and distributing crack and marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), (D) (2012); one count of possessing marijuana, in violation of 21 U.S.C. § 844(a) (2012); two counts of possessing a firearm as a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), (e) (2012); and two counts of using or carrying a firearm during and in relation to, or possessing a firearm in furtherance of, a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (2012). The district court sentenced him to 622 months in prison, a term at the bottom of his advisory Sentencing Guidelines range of 622 to 687 months.

Cheeseboro appeals, and his appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether there was sufficient evidence to support the convictions, and whether the district court erred in determining at sentencing that Cheeseboro is a career offender under U.S. Sentencing Guidelines Manual § 4B1.1 (2016), and an armed career criminal under 18 U.S.C. § 924(e) (2012). This Court notified Cheeseboro of his right to file a pro se supplemental brief, but he failed to do so by the filing deadline. Now he has moved for leave to file a supplemental brief, but he has not included a proposed brief with his motion. The Government did not respond to the *Anders* brief. Finding no reversible error, we deny Cheeseboro's motion for leave to file a supplemental brief and affirm.

2

Counsel first questions whether the district court erred in denying Cheeseboro's Fed. R. Crim. P. 29 motion. Because Cheeseboro's trial counsel sought to challenge the sufficiency of the evidence on all of the counts in the indictment generally, but only argued specifically about Counts 7 and 11 — which charged Cheeseboro with using and carrying a firearm during and in relation to, and possessing a firearm in furtherance of, a drug trafficking crime — , Cheeseboro has waived any arguments about the sufficiency of the evidence on the other nine counts. *See United States v. Chong Lam*, 677 F.3d 190, 200 (4th Cir. 2012) (joining majority of circuits in holding that defendant who raises specific grounds in Rule 29 motion waives appeal of any grounds not specifically raised).

To convict Cheeseboro of Counts 7 and 11, the Government had to prove that he "(1) used, carried, or possessed a firearm (2) in furtherance of a drug trafficking crime." *See United States v. Howard*, 773 F.3d 519, 527 (4th Cir. 2014) (internal quotation marks omitted). Undercover police officer Ronald Turner and witness Katrina Anderson provided abundant testimony from which a jury could conclude that Cheeseboro had the guns in Counts 7 and 11 for protection related to drug activity, and that he therefore possessed the guns in furtherance of drug trafficking offenses. *See United States v. Moore*, 769 F.3d 264, 270 (4th Cir. 2014); *United States v. Lomax*, 293 F.3d 701, 705-06 (4th Cir. 2002) (noting "numerous ways" in which firearm might further drug trafficking, including protection of trafficker's drugs, profits, or turf, and observing that, when someone has drugs and a firearm, "common-sense conclusion" is that gun is present to further drug trafficking). Because substantial evidence supports Cheeseboro's convictions on those two counts and Cheeseboro has waived any arguments about the

3

sufficiency of the evidence supporting his convictions on the other nine counts, we affirm Cheeseboro's convictions. *See United States v. Perry*, 757 F.3d 166, 175 (4th Cir. 2014) (explaining standard for reviewing jury verdict on appeal).

Turning to Cheeseboro's sentence, counsel questions whether Cheeseboro's two prior drug convictions under S.C. Code Ann. § 44-53-375(B) (2018) are qualifying predicate offenses for his designations as a career offender pursuant to Guidelines § 4B1.1(a) and as an armed career criminal under 18 U.S.C. § 924(e). We review de novo the legal question of whether a prior conviction constitutes a career offender or armed career criminal predicate offense. *See United States v. Dozier*, 848 F.3d 180, 182-83 (4th Cir. 2017); *United States v. Williams*, 508 F.3d 724, 726 (4th Cir. 2007).

A defendant is a "career offender" under the Guidelines if, inter alia, he has two prior felony convictions for "a controlled substance offense." *See* USSG § 4B1.1(a). The Guidelines define "a controlled substance offense" as any offense, punishable by more than one year in prison, under federal or state law "that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." *See id.* § 4B1.2(b).

A defendant is an armed career criminal under § 924(e) if he has three previous convictions "for a violent felony or a serious drug offense, or both." *See* 18 U.S.C. § 924(e)(1). As pertinent here, "a serious drug offense" is "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten

4

years or more is prescribed by law." *See id.* § 924(e)(2)(A)(ii). A defendant designated as an armed career criminal is subject to a 15-year statutory minimum sentence for contravening 18 U.S.C. § 922(g). *See id.* § 924(e)(1).

In assessing whether a state drug offense constitutes "a controlled substance offense" within the meaning of the Guidelines, or "a serious drug offense" within the meaning of 18 U.S.C. § 924(e)(2)(A)(ii), we generally "approach the issue categorically, looking only to the fact of conviction and the statutory definition of the prior offense." *See Dozier*, 848 at 183 (internal quotation marks omitted); *see also United States v. Williams*, 326 F.3d 535, 538 (4th Cir. 2003). However, "[t]his approach is altered for divisible statutes, [or] statutes that list elements in the alternative and thereby define multiple crimes." *Dozier*, 848 F.3d at 183 (alteration and internal quotation marks omitted). In that circumstance, we apply a modified categorical approach, whereby we (and the sentencing court) may "consult a limited class of documents . . . to determine what crime, with what elements, a defendant was convicted of." *Id.* (internal quotation marks omitted).

Turning to the statute at issue in these proceedings, Section 44-53-375(B), of the South Carolina Code, provides that a person "who manufactures, distributes, dispenses, delivers, purchases, or otherwise aids, abets, attempts, or conspires to manufacture, distribute, dispense, deliver, or purchase, or possesses with intent to distribute, dispense, or deliver methamphetamine or cocaine base, in violation of the provisions of Section 44-

5

53-370, is guilty of a felony[.]"[1]  S.C. Code Ann. § 44-53-375(B).  The statutory maximum penalty for a first offense under 44-53-375(B) is 15 years in prison.  *See id.* § 44-53-375(B)(1).Based on the statutory language, we are satisfied that S.C. Code Ann. § 44-53-375(B) is divisible because it defines multiple crimes rather than multiple ways to commit one offense.  *See Mathis v. United States*, 136 S. Ct. 2243, 2248-49 (2016). Because the statute is divisible, the modified categorical approach permitted the district court to use the sentence sheets for Cheeseboro's state offenses to determine that his two convictions under § 44-53-375(B) — one for manufacture and distribution of methamphetamine or cocaine base, and another for possession with intent to distribute cocaine base/crack — are predicate offenses that support Cheeseboro's designations as a career offender and an armed career criminal.  *See id.* at 2249; *Shepard v. United States*, 544 U.S. 13, 26 (2005).  Therefore, the district court did not err in designating Cheeseboro as a career offender and an armed career criminal.[2]

---

[1] Section 44-53-370, of the South Carolina Code, in relevant part, makes it unlawful "to manufacture, distribute, dispense, deliver, purchase, aid, abet, attempt, or conspire to manufacture, distribute, dispense, deliver, or purchase, or possess with the intent to manufacture, distribute, dispense, deliver, or purchase a controlled substance or a controlled substance analogue[.]"  S.C. Code Ann. § 44-53-370(a)(1) (2018).

[2] The third predicate on which the district court relied to support Cheeseboro's designation as an armed career criminal was his South Carolina conviction for pointing and presenting a firearm at a person, in violation of S.C. Code Ann. § 16-23-410.  *See United States v. King*, 673 F.3d 274, 280 (4th Cir. 2012) (concluding that the South Carolina crime of pointing and presenting a firearm at a person is an offense that has as an element the threatened use of physical force against the person of another and thereby constitutes a "crime of violence" for purposes of the Guidelines' career offender provision); *see also United States v. Hemingway*, 734 F.3d 323, 337 n.13 (4th Cir. 2013) ("Our decisions on whether a previous conviction constitutes a crime of violence under (Continued)

We also conclude that Cheeseboro's sentence is otherwise procedurally and substantively reasonable. *See Gall v. United States*, 507 U.S. 38, 51 (2007) (stating standard of review). Because Cheeseboro's advisory Guidelines range was determined by his career offender status (which set his offense level at 34), his category VI criminal history, and the statutorily-mandated 5-year and 25-year consecutive sentences for his convictions under 18 U.S.C. § 924(c), the district court did not err in calculating a range of 622 to 687 months in prison. *See* 18 U.S.C. § 924(c)(1)(A)(i), (C)(i); USSG § 4B1.1(c)(2)(A). Furthermore, the court sentenced Cheeseboro to a presumptively reasonable sentence at the bottom of the advisory Guidelines range, and nothing in the record rebuts that presumption. *See United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We deny Cheeseboro's motion for leave to file a pro se supplemental brief and affirm Cheeseboro's convictions and sentence. This Court requires that counsel inform Cheeseboro, in writing, of the right to petition the Supreme Court of the United States for further review. If Cheeseboro requests that a

---

the Guidelines are relied upon interchangeably with precedents evaluating whether a previous conviction constitutes a violent felony under [18 U.S.C. § 924(e)]." (internal quotation marks omitted)). Cheeseboro's trial counsel initially contended that the conviction was not a predicate offense under § 924(e). At the sentencing hearing, however, trial counsel — after consultation with Cheeseboro — withdrew that objection. Consequently, Cheeseboro has waived any challenge to the court's conclusion in that regard. *See United States v. Robinson*, 744 F.3d 293, 298 (4th Cir. 2014).

petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this Court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Cheeseboro.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

*AFFIRMED*