19381

William James BALLARD, Appellant, v.
The STATE of South Carolina, Respondent

(187 S. E. (2d) 224)

*Frank B. Register, Jr., Esq.,* of Lexington, *for Appellant,*

*Messrs. Daniel R. McLeod, Atty. Gen.,* and *Emmet H. Clair* and *John P. Wilson, Asst. Attys. Gen.,* of Columbia,

*for Respondent,*

March 6, 1972.

LITTLEJOHN, Justice:

William James Ballard is serving a five year sentence in a Richland County Prison Camp. He sought a new trial in the court below under our recently enacted Post-Conviction Procedure Act, § 17-601 *et seq.,* of the South Carolina Code (1962). Relief was denied in that court. Ballard has appealed.

In the lower court it was the contention of Ballard that his guilty plea was involuntarily given, and that he was improperly sentenced because he was not sentenced under the Youthful Offender Act, § 55-395 of the Code.

In this appeal there is submitted only one question, taken from the brief of Ballard's counsel as follows:

"In the light of the purpose, meaning and standards of the Youthful Offenders Act, did the court err in its application and use of subsection (d) of Section 55-395 of the Youthful Offender's Act? (S. C. Code Ann., § 55-395 Suppl. 1969)."

The facts leading up to the sentence to which Ballard objects are as follows: On December 15, 1969, Ballard was sentenced in the Richland County Criminal Court to imprisonment for a term of two years. The sentence was suspended and he was placed on probation for three years under the usual terms of the probationary law as set forth in the Code. The offense charged was breaking and entering a motor vehicle with intent to steal.

On July 30, 1970, Ballard was before the court charged with burglary and housebreaking. He entered a guilty plea to the offense of housebreaking. The record reveals that he had broken into a residence in the nighttime and had candidly admitted to the court that he did so with intent to steal. At that time the trial judge had not only the duty of sentencing him for housebreaking, but of taking appropriate action on the probationary sentence. The judge revoked the two year probationary sentence and sentenced him to three additional years for housebreaking, making a total of five years to be served.

At the time of the sentence Ballard was 19 years of age. The Youthful Offender Act, to which we have referred above, provides as follows:

"§ 55-395. Powers of courts upon conviction of youthful offenders.—In the event of a conviction of a youthful offender the court may:

"(a) Suspend the sentence and place the youthful offender on probation.

"(b) Release the youthful offender to the custody of the Division prior to sentencing for an observation and evaluation period of not more than sixty days. The observation and evaluation will be conducted by the Reception and Evaluation Center operating under joint agreement between the Department of Vocational Rehabilitation and the Department of Corrections and the findings, along with recommendations for sentencing, shall be returned with the youthful offender to the court for sentencing.

"(c) If the offender is under the age of twenty-one, without his consent sentence the youthful offender indefinitely to the custody of the Department for treatment and supervision pursuant to this chapter until discharged by the Division, the period of such custody not to be in excess of six years. If the offender is twenty-one years of age but less than twenty-five years of age he may be sentenced in accordance with the above procedure if he consents thereto

in writing. No youthful offender shall be sentenced more than twice under the provisions of this chapter.

"(d) *If the court shall find that the youthful offender will not derive benefit from treatment, then the court may sentence the youthful offender under any other applicable penalty provision.* The youthful offender shall be placed in the custody of the Department." (Emphasis added.)

The transcript of record reveals the following dialogue between counsel for Ballard and Judge G. Badger Baker at the time sentence was imposed:

"COUNSEL: I would like to suggest to the court that the court consider the Youth Offender sentence in the light of his age, his lack of education, and lack of vocational or occupational training. He has been in jail since the date this occurred, which was April 9th, I believe.

"THE COURT: What is his age?

"COUNSEL: Nineteen.

"THE COURT: Well, he has a probationary sentence which he has violated. So the sentence is that he be confined upon the Public Works of Richland County or in the State Penitentiary for a period of three years, and his probation is revoked, which means an additional two years, making a total of five years."

Counsel for the appellant has submitted a praiseworthy brief, urging upon this Court a rather far-reaching, though not necessarily far-fetched, construction of subsection 55-395(d). In short, counsel contends that the statute makes it obligatory upon the court to *specifically find* that a youthful offender will not derive benefit from treatment before the court may impose sentence under other applicable penalty provisions. Such evaluation, counsel urges, "must be of the same quality as would have been given the youth had he been referred to a reception and evaluation center." Here, counsel says, the court's consideration of Ballard's fitness and eligibility for treatment was cursory at best. Counsel

concludes that the court therefore erred in sentencing Ballard without first making sufficient findings.

We do not agree with this conclusion.

The legislature has given to the trial judge the right, in his discretion, to impose a sentence under subsections (a), (b), (c), or (d). In December 1969 he was sentenced under (a). It is implicit in the action of the judge that he considered, as he was requested to do, the advisability of sentencing this defendant under the Youthful Offender Act. At that time the judge had before him the probationary record, as well as full information relative to the offense which the defendant committed while he was on probation. Among the things which the judge must have considered was the fact that under the admissions made by the defendant in open court he was in actuality guilty of burglary. We do not construe the act as requiring the trial judge to make up an extended record on the issue of whether or not one should be sentenced under the Youthful Offender Act. It is abundantly clear from the record before us that the judge was within his discretionary powers when he declined the request of counsel that the Youthful Offender sentence be imposed in this case. There is no requirement that specific factual findings be made a part of the record. Nor is there any requirement for observation and evaluation such as is provided in subsection (b). Had the legislature intended such requirement it could have easily so provided.

The order of Judge Grimball refusing relief is

Affirmed.

Moss, C. J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.