**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 14-4568

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

JAMES MORRIS SELLERS,

        Defendant – Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence. R. Bryan Harwell, District Judge. (4:13-cr-00783-RBH-1)

Argued: September 17, 2015        Decided: November 18, 2015

Before NIEMEYER, SHEDD, and KEENAN, Circuit Judges.

Affirmed by published opinion. Judge Shedd wrote the opinion, in which Judge Niemeyer and Judge Keenan joined.

**ARGUED:** William Fletcher Nettles, IV, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Florence, South Carolina, for Appellant. Jimmie Ewing, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee. **ON BRIEF:** Kimberly H. Albo, Research and Writing Specialist, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant. William N. Nettles, United States Attorney, Columbia, South Carolina, Alfred W. Bethea, Jr., Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.

SHEDD, Circuit Judge:

A federal jury convicted James Morris Sellers of unlawfully possessing a firearm, in violation of 18 U.S.C. § 922(g)(1). At sentencing, the district court determined that Sellers qualified as an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), because his three prior South Carolina drug convictions were offenses "for which a maximum term of imprisonment of ten years or more is prescribed by law."

On appeal, Sellers contends that his prior drug convictions do not qualify him as an armed career criminal because the state court sentenced him pursuant to South Carolina's Youthful Offender Act ("YOA"), S.C. Code Ann. § 24-19-50, which permits courts to cap the maximum penalty for certain offenders at six years in custody. Sellers acknowledges that we rejected this argument in United States v. Williams, 508 F.3d 724 (4th Cir. 2007), but he contends that Williams is no longer good law in light of our decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc).

We reaffirm our holding in Williams. Simmons and its progeny reinforce Williams' directive that courts evaluating whether a prior conviction qualifies as a predicate for a federal sentence enhancement look to the statutory penalty for the prior conviction, not the sentence the defendant received. As we explained in Williams, YOA offenses can qualify as ACCA

2

predicates because the maximum statutory penalty for the prior conviction is unaffected by the state court's exercise of its discretion to impose a sentence of six years or less in custody. We therefore affirm the district court's judgment.

I.

In February 1999, Sellers pled guilty in state court to three indictments charging him with possession with intent to distribute crack cocaine, in violation of S.C. Code Ann. § 44-53-375(B). The court sentenced him to an indeterminate period of custody not to exceed six years pursuant to the YOA,[1] which provides that "[i]n the event of a conviction of a youthful offender the court may:" (1) suspend the sentence and place the youthful offender on probation; (2) release the youthful offender to the custody of the Youthful Offender Division before sentencing for an observation and evaluation period of up to 60 days; (3) sentence the youthful offender indefinitely to the custody of the Department of Corrections for treatment and supervision until discharged by the Youth Offender Division, the period of custody not to exceed six years; or (4) sentence the

---

[1] Sellers and the Government both state in their briefs that Sellers was sentenced to an indeterminate period of detention not to exceed six years, but Sellers' presentence report states that the sentence was not to exceed five years. J.A. at 44 ¶ 21. Whether Sellers was sentenced to five or six years has no impact on our analysis.

3

youthful offender under any other applicable penalty provision, if it finds that he will not derive benefit from treatment. S.C. Code Ann. § 24-19-50(1)-(4) (emphasis added).

In March 2014, a federal jury found Sellers guilty of unlawfully possessing a firearm, in violation of 18 U.S.C. § 922(g)(1). The presentence report ("PSR") recommended that the district court sentence Sellers as an armed career criminal pursuant to the ACCA. In relevant part, the ACCA imposes an enhanced sentence on a defendant convicted of being a felon in possession of a firearm if the defendant has three prior convictions for a "serious drug offense," i.e., an offense carrying a maximum term of imprisonment of ten years or more. 18 U.S.C. § 924(e)(2)(A). The PSR identified Sellers' three South Carolina drug convictions as qualifying "serious drug offense[s]" because the statute of conviction, S.C. Code Ann. § 44-53-375(B), provided a maximum term of 15 years of imprisonment for a first offense and enhanced maximum sentences for subsequent offenses.

Sellers objected to the PSR, asserting that the three prior drug convictions were not punishable by a maximum term of imprisonment of ten years or more because the YOA imposed a maximum penalty of six years in custody. Sellers recognized that we rejected this contention in Williams, but he argued that Williams was abrogated by our decision in Simmons. The district

4

court overruled Sellers' objection and sentenced him as an armed career criminal to a term of 210 months of imprisonment and five years of supervised release.

## II.

Sellers reiterates his objection on appeal, arguing, as he did below, that his three prior drug convictions do not trigger the ACCA's sentence enhancement. In Sellers' view, because the sentencing judge failed to find that he would not derive benefit from treatment, the YOA capped his sentence at six years.

In considering a district court's determination that a defendant qualifies for an enhanced sentence under the ACCA, we review its factual findings for clear error and its legal conclusions de novo. United States v. Wardrick, 350 F.3d 446, 451 (4th Cir. 2003).

### A.

In state court, Sellers had been charged with and pled guilty to three counts of possession with intent to distribute crack cocaine, in violation of S.C. Code Ann. § 44-53-375(B). Because he was 20 years old at the time of his conviction, the state court was permitted to sentence him under the YOA. See S.C. Code Ann. § 24-19-10(d). The YOA "sets forth a discretionary sentencing alternative," Williams, 508 F.3d at 727, that in pertinent part allows a sentencing judge to either commit a youthful offender to an indefinite period of custody

5

not to exceed six years or, if he "finds that the youthful offender will not derive benefit from treatment," to sentence him "under any other applicable statutory provision," S.C. Code Ann. § 24-19-50(3)-(4).

In Williams, the defendant argued that his prior South Carolina conviction for possession with intent to distribute crack cocaine did not qualify as an ACCA predicate despite the statutory maximum penalty of 15 years in prison because he was sentenced to an indeterminate period of confinement not to exceed six years pursuant to the YOA. He asserted that once a state court "uses the YOA to designate an offender as one who cannot receive a sentence in excess of six years, the offense of conviction no longer carries a possible term of imprisonment of ten years or more and therefore does not qualify as a 'serious drug offense.'" Williams, 508 F.3d at 727. We squarely rejected this characterization of sentencing under the YOA, reasoning that "the language of the YOA is permissive, not mandatory." Id. (emphasis added).

We further rejected the contention that we "should look to the sentence actually imposed, rather than the range of penalties to which [the defendant] was potentially subject," to determine whether a prior conviction qualifies as an ACCA predicate. Id. at 728. Because the plain language of the ACCA "directs courts to consider the statutory penalty for the prior

6

conviction, not the sentence the defendant in fact received," we held that a prior conviction "qualifies as a 'serious drug offense' if the statute of conviction permits the imposition of a sentence of ten years or more." Id. (emphasis in original). We concluded that Williams' prior drug conviction was one for which a maximum term of imprisonment of ten years or more was prescribed by law, despite the fact that the state court exercised its discretion to sentence him to a lesser term. Id. at 730. Sellers now asserts that this holding has been abrogated by our decision in Simmons.

B.

In Simmons, we considered whether a prior North Carolina conviction was punishable by more than one year in prison under "the unique statutory regime mandated by the North Carolina Structured Sentencing Act."[2] 649 F.3d at 239-40 (emphasis added).

_____

[2] In Simmons, we were tasked with determining whether a prior conviction qualified as a predicate for a federal sentence enhancement under the Controlled Substances Act ("CSA"), which imposes a mandatory minimum of ten years in prison if the offense conduct occurred "after a prior conviction for a felony drug offense has become final." 21 U.S.C. § 841(b)(1)(B). The CSA defines "felony drug offense" as a drug-related offense "that is punishable by imprisonment for more than one year." 21 U.S.C. § 802(44). The critical question was therefore whether Simmons' prior conviction was punishable by a prison term exceeding one year.

The issue currently before us is whether Sellers' prior convictions qualify as predicates under a portion of the ACCA that imposes an enhanced sentence on offenders who have three prior drug-related convictions punishable by ten years of
(Continued)

7

Under the Structured Sentencing Act, sentences are contingent on two factors established by statute: the class of offense and the offender's prior record level. N.C. Gen. Stat. § 15A-1340.13(b). The sentencing judge must match the class of offense and prior record level to a statutory table, which provides three possible sentencing ranges: a mitigated range, a presumptive range, and an aggravated range. Id. § 15A-1340.17(c).

As we explained, "[t]he presumptive range governs unless the judge makes written findings that identify specific factors, separately designated by the [Structured Sentencing] Act, that permit a departure to the aggravated or mitigated range." Simmons, 649 F.3d at 240. "[A] judge may select from the aggravated range only if the State has provided a defendant thirty-days' notice of its intent to prove the necessary aggravating factors and a jury has found beyond a reasonable doubt (or the defendant has pled to) the existence of those factors." Id. (internal citations omitted). The sentencing judge has no control over whether these conditions are fulfilled and has no discretion to impose a sentence in the aggravated range absent their satisfaction. Importantly, the Structured

---

imprisonment or more. See 18 U.S.C. § 924(e). Although the CSA requires a one-year term of imprisonment while the provision of the ACCA at issue here requires a ten-year term, we conclude that the analysis is the same.

8

Sentencing Act does not create a discretionary, guidelines system; rather, "it mandates specific sentences, so no circumstances exist under the Structured Sentencing Act in which a North Carolina judge may impose a sentence that exceeds the top of the range set forth in the Act." United States v. Valdovinos, 760 F.3d 322, 326 (4th Cir. 2014) (emphasis in original) (internal quotation marks omitted). To be clear, under the Structured Sentencing Act, the judge has "no discretion to impose a more severe sentence even in extraordinary cases." Simmons, 649 F.3d at 240 n.2 (emphasis added).

Before Simmons, we determined whether a prior North Carolina conviction was punishable by a prison term exceeding one year by looking to "the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." United States v. Harp, 406 F.3d 242, 246 (4th Cir. 2005) (second emphasis added), overruled by Simmons, 649 F.3d 237. However, the Supreme Court's decision in Carachuri-Rosendo v. Holder, 560 U.S. 563 (2010), caused us to reconsider this use of a hypothetical worst-case offender.

In Carachuri, the Court examined a provision of the Immigration and Nationality Act ("INA") that allows an alien who "has not been convicted of any aggravated felony" to seek cancellation of removal. Id. at 566-67; 8 U.S.C. § 1229b(a)(3). The INA limits "aggravated felon[ies]" in part to certain drug-

9

related offenses for which the "maximum term of imprisonment authorized" is "more than one year." Carachuri, 560 U.S. at 567 (quoting 18 U.S.C. § 3559(a)). The government argued that the second of Carachuri's two prior Texas misdemeanor drug possession convictions qualified as an aggravated felony because Carachuri could have received a two-year prison sentence had he been prosecuted in federal court instead of state court. The Supreme Court rejected this approach, explaining that it was irrelevant whether the conduct underlying the defendant's prior conviction hypothetically could have received felony treatment. The Court held instead that the dispositive question for determining whether a defendant had committed an aggravated felony was whether he was actually convicted of an offense punishable by more than one year in prison. Id. at 581-82.

Applying this rationale in Simmons, we abandoned our use of a hypothetical defendant with the worst possible criminal history and held instead that a prior North Carolina conviction is punishable by a prison term exceeding one year only if the particular defendant's offense of conviction was punishable by a prison term exceeding one year.

C.

Here, Sellers contends that in the wake of Simmons, our analysis of whether his prior drug convictions qualify as ACCA predicates is governed by the maximum possible sentence that he

10

could have received once the state court decided he would benefit from treatment under the YOA. Sellers equates the YOA with the Structured Sentencing Act at issue in Simmons, asserting that just as the Structured Sentencing Act forbids North Carolina judges from imposing a sentence in the aggravated range absent a finding of aggravating factors, the YOA prohibits South Carolina judges from imposing a sentence greater than six years in custody absent a finding that the youthful offender would not benefit from treatment. He argues that, like in Simmons, the sentencing judge in his case failed to make the factual finding necessary to warrant a higher sentence. Accordingly, he asserts, the YOA imposed a maximum sentence of six years in custody, and his prior convictions do not qualify as ACCA predicates.

Sellers' argument is incorrect for two important reasons. First, Sellers fails to appreciate the key distinction between the Structured Sentencing Act and the YOA: the Structured Sentencing Act is a legislative mandate that strictly prohibits the sentencing judge from imposing a sentence that exceeds the maximum fixed by the statutory chart, while the YOA is a discretionary alternative that provides the sentencing judge with the authority to impose an increased sentence. Second, Sellers looks to the sentence that was actually imposed, rather than the sentence he faced; we have repeatedly rejected this

11

approach, even after Simmons. See, e.g., United States v. Kerr, 737 F.3d 33, 38 (4th Cir. 2013), cert. denied, 134 S. Ct. 1773 (2014). Simmons and its progeny foreclose Sellers' contention that his sentences under the YOA do not qualify as ACCA predicates.

1.

In Kerr, for example, the defendant argued that his prior North Carolina convictions did not qualify as predicate felonies for a federal sentence enhancement because the sentencing judge exercised her discretion to impose a sentence in the Structured Sentencing Act's mitigated range, which provided a maximum possible sentence of 11 months in prison, as opposed to the presumptive range, which provided a term of 9-14 months in prison. Id. at 36. We rejected the argument that the mitigated range's 11-month cap meant that Kerr's prior conviction was not punishable by more than one year in prison and held instead that the presumptive range determined his maximum term of imprisonment. Although the sentencing judge determined that mitigating factors warranted a sentence within the mitigated range, "the maximum possible prison that Kerr faced for his prior state convictions" was determinative because "the judge remained free at all times to sentence Kerr to a presumptive prison term of up to 14 months." Id. at 38-39 (second emphasis added).

12

Similarly, in Valdovinos, the defendant asserted that his prior North Carolina conviction did not qualify as a predicate felony because he was sentenced pursuant to a plea agreement that provided for a maximum sentence of 12 months of imprisonment. 760 F.3d at 324-25. Despite the language of the plea agreement, we held that the prior conviction was punishable by a prison term exceeding one year because the Structured Sentencing Act authorized a maximum sentence of 16 months of imprisonment for the conviction. We emphasized "[t]hat the sentence ultimately imposed pursuant to [Valdovinos'] plea deal was 10 to 12 months' imprisonment [was] irrelevant," because whether a prior conviction qualifies as a sentencing predicate depends on the maximum sentence permitted, not the sentence a defendant actually received. Id. at 327 (citing United States v. Edmonds, 679 F.3d 169, 176 (4th Cir. 2012), vacated on other grounds, 133 S. Ct. 376, aff'd on remand, 700 F.3d 146 (4th Cir. 2012)). We rejected Valdovinos' contention that the plea agreement established his maximum potential punishment because, unlike the Structured Sentencing Act, "under which a judge may never impose a sentence that exceeds the top of the range set forth in the Act, . . . the sentencing judge remains free to reject the [plea] agreement." Id. at 328 (second emphasis added) (internal citation and quotation marks omitted).

Finally, in United States v. Bercian-Flores, the defendant argued that a prior federal conviction with a statutory maximum sentence of five years in prison did not qualify as a predicate felony because the mandatory Sentencing Guidelines range in effect at the time of his sentencing was zero to six months of imprisonment. 786 F.3d 309, 310 (4th Cir. 2015). Much like Sellers, Bercian-Flores analogized to the North Carolina Structured Sentencing Act, asserting that just as the sentencing judge in Simmons failed to find the existence of aggravating factors and thus could not impose a sentence in the aggravated range, his sentencing judge failed to find facts that warranted an upward departure and therefore could not impose a sentence outside of the Guidelines range. We rejected Bercian-Flores' argument and held that the statutory maximum sentence set by the applicable legislative body – not the top sentence in a guidelines range – is determinative of whether a prior conviction constitutes a predicate felony. As we explained, "Simmons did not change the fact that the cornerstone of our predicate-felony analysis must be the defendant's offense of conviction. The qualification of a prior conviction as a sentencing predicate does not depend on the sentence a defendant actually received but on the maximum sentence permitted for his offense of conviction." Id. at 315-16 (internal alterations, citations, and quotation marks omitted). Our conclusion hinged

14

on the fact that even under the mandatory Sentencing Guidelines in effect at the time Bercian-Flores was sentenced for his prior conviction, "the district court had discretion to sentence Bercian-Flores up to the statutory maximum of five years" in prison. Id. at 315 (emphasis added).

2.

These cases set forth two important and interrelated principles that govern our analysis of whether a prior conviction qualifies as a predicate for a federal sentence enhancement after Simmons. The first is that "the cornerstone of our predicate-felony analysis" is the maximum sentence permitted by the defendant's offense of conviction, not the sentence the defendant actually received. Id. at 315-16 (citing Valdovinos, 760 F.3d at 327). The second is that "the salient question to be asked after Simmons is whether the sentencing judge could sentence a particular defendant" to a qualifying term of imprisonment. Id. at 315 (emphasis in original) (citing Valdovinos, 760 F.3d 322; Kerr, 737 F.3d 33).

The application of these principles requires us to reject Sellers' argument and reaffirm our holding in Williams. First, Simmons and its progeny reinforce, rather than reject, Williams' directive that we "consider the statutory penalty for the prior conviction, not the sentence the defendant in fact received." Williams, 508 F.3d at 728 (emphasis in original). In addition,

15

we conclude that the sentencing judge could have sentenced Sellers to more than ten years in prison for his three violations of S.C. Code Ann. § 44-53-375(B). When Sellers appeared before the state court to receive his sentence, the YOA provided the sentencing judge with complete discretion to find that Sellers would not derive benefit from treatment and to sentence him to a term of imprisonment that exceeded ten years. See Williams, 508 F.3d at 727; Ballard v. State, 187 S.E.2d 224, 226 (S.C. 1972) (holding that the YOA gives the trial judge "the right, in his discretion, to impose a sentence under [any of the] subsections" in the Act without requiring that "specific factual findings be made a part of the record"); S.C. Code Ann. § 44-53-375(B) (providing maximum term of 15 years of imprisonment for first offense and enhanced maximums for subsequent offenses). As in Kerr, Valdovinos, and Bercian-Flores, the fact that the sentencing judge retained the discretion at all times to sentence Sellers to the statutory maximum penalty controls the outcome of this case.

Consistent with Williams, we therefore hold that a prior South Carolina conviction for which a defendant received a YOA sentence of an indefinite period of confinement not to exceed six years qualifies as a predicate for a federal sentence enhancement where the statute of conviction prescribes a qualifying term of imprisonment. Accordingly, Sellers' three

16

South Carolina convictions for violations of S.C. Code Ann. § 44-53-375(B) are offenses "for which a maximum term of imprisonment of ten years or more is prescribed by law," 18 U.S.C. § 924(e)(2)(A)(ii), triggering the ACCA's sentence enhancement.

## III.

For the foregoing reasons, we hold that Sellers' three prior South Carolina drug convictions qualify as ACCA predicates. The district court therefore did not err in sentencing Sellers as an armed career criminal, and the judgment of the district court is affirmed.

<u>AFFIRMED</u>

17