**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 15-4305**

---

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

MATTHEW LEE CORDERO, a/k/a Matthew L. Cordero,

                Defendant - Appellant.

---

Appeal from the United States District Court for the Northern District of West Virginia, at Elkins.  John Preston Bailey, District Judge.  (2:14-cr-00042-JPB-JSK-2)

---

Submitted:  November 17, 2015     Decided:  December 14, 2015

---

Before WILKINSON, KEENAN, and THACKER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Scott Curnutte, CURNUTTE LAW, Elkins, West Virginia, for Appellant.  William J. Ihlenfeld, II, United States Attorney, Stephen D. Warner, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Matthew Lee Cordero pled guilty to distribution of a quantity of oxycodone, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2012). The district court determined that Cordero was a career offender under U.S.S.G. § 4B1.1 and sentenced him to a within-Guidelines sentence of 151 months' imprisonment. On appeal, Cordero challenges this sentence, arguing that the district court erred in designating him a career offender because his two prior New Jersey state convictions for possession with intent to distribute a controlled dangerous substance were not punishable by imprisonment for terms exceeding one year and therefore are not career offender predicates. Cordero also argues that his sentence is substantively unreasonable. Finding no reversible error, we affirm.

Cordero did not object in the district court to its application of the career offender Guideline, and we therefore review his challenge for plain error. United States v. Hargrove, 625 F.3d 170, 183-84 (4th Cir. 2010). To establish plain error, Cordero must demonstrate that (1) the district court committed an error; (2) the error was plain; and (3) the error affected his substantial rights. Henderson v. United States, 133 S. Ct. 1121, 1126 (2013). A "plain" error is one that is "clear" or "obvious," United States v. Olano, 507 U.S.

2

725, 734 (1993), under "the settled law of the Supreme Court or this circuit." United States v. Carthorne, 726 F.3d 503, 516 (4th Cir. 2013) (internal quotation marks omitted).

Section 4B1.1(a) of the Guidelines provides that a defendant is a career offender if, among other conditions, he "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a)(3). A "prior felony conviction" is "a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed." U.S.S.G. § 4B1.2 cmt. n.1.

We conclude that the district court properly determined that Cordero's New Jersey state convictions were prior felony convictions for purposes of the career offender Guideline. The convictions were for violations of N.J. Stat. Ann. § 2C:35-5(b)(3), and, as a consequence of these convictions, Cordero was eligible to be sentenced to up to five years' imprisonment per count. See N.J. Stat. Ann. §§ 2C:43-6(a)(3), 2C:44-1(e); State v. Natale, 878 A.2d 724, 738 & n.10 (N.J. 2005); State v. Gardner, 551 A.2d 981, 985 (N.J. 1989); see also United States v. Minnick, 949 F.2d 8, 9-10 (1st Cir. 1991) (holding New Jersey first-offense conviction for a crime

3

in the third degree was punishable by imprisonment for a term exceeding one year, within the meaning of 18 U.S.C. § 922(g)(1) (2012)). We reject as without merit Cordero's contention that United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), undermines this conclusion. See United States v. Sellers, No. 14-4568, --- F.3d ---, 2015 WL 7273688, at *4 (4th Cir. Nov. 18, 2015); United States v. Kerr, 737 F.3d 33, 35-36, 38-39 (4th Cir. 2013), cert. denied, 134 S. Ct. 1773 (2014). Cordero thus fails to demonstrate plain error by the district court.

Cordero also argues that his 151-month sentence is substantively unreasonable. In reviewing the substantive reasonableness of a sentence, this court "take[s] into account the totality of the circumstances." Gall v. United States, 552 U.S. 38, 51 (2007). Any sentence within or below a properly calculated Guidelines range is presumptively substantively reasonable. United States v. Louthian, 756 F.3d 295, 306 (4th Cir.), cert. denied, 135 S. Ct. 421 (2014). Such a presumption can only be rebutted by a showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) (2012) factors. Id.

We reject Cordero's argument because it asks this court to substitute its judgment for that of the district court. While this court may have weighed the § 3553(a) factors differently

4

had it imposed sentence in the first instance, we defer to the district court's decision that a 151-month sentence, which is at the bottom of Cordero's Guidelines range, achieved the purposes of sentencing in his case. See Gall, 552 U.S. at 51 (explaining that appellate courts "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify" the sentence imposed); United States v. Rivera-Santana, 668 F.3d 95, 105 (4th Cir. 2012) (stating it was within district court's discretion to accord more weight to a host of aggravating factors in defendant's case and to decide that the sentence imposed would serve the § 3553 factors on the whole). In light of the "extremely broad" discretion afforded to a district court in determining the weight to be given each of the § 3553(a) factors in imposing sentence, United States v. Jeffery, 631 F.3d 669, 679 (4th Cir. 2011), Cordero fails to overcome the presumption that his within-Guidelines sentence is substantively reasonable.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

5