**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-4740

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

NETO AUDRIC DENNISON,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence. Robert Bryan Harwell, Senior District Judge.  (4:17-cr-00158-RBH-1)

Submitted:  February 5, 2026                          Decided:  February 24, 2026

Before GREGORY and THACKER, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Kimberly H. Albro, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant.  Everett E. McMillian, Assistant United States Attorney, Florence, South Carolina, Leesa Washington, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Neto Audric Dennison appeals his conviction and the 180-month sentence imposed following his guilty plea to possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), (e).  Dennison's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning the sufficiency of the indictment, the propriety of the district court's denial of Dennison's motion to suppress, and the validity of Dennison's ACCA[1]-enhanced sentence.  Although notified of his right to do so, Dennison has not filed a pro se supplemental brief.  The Government has declined to file a response.  For the reasons that follow, we affirm.

Because Dennison did not contest the sufficiency of the indictment below, plain error review applies.  *United States v. Collins*, 982 F.3d 236, 241 (4th Cir. 2020).  Under this standard, Dennison "must prove that (1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Garrett*, 141 F.4th 96, 103 (4th Cir. 2025) (citation modified).

Based on *Rehaif v. United States*, 588 U.S. 225 (2019), and *Erlinger v. United States*, 602 U.S. 821 (2024), *Anders* counsel questions whether the indictment adequately alleged every element of the charged offense.  *See United States v. Bolden*, 325 F.3d 471, 490 (4th Cir. 2003) (explaining that valid indictment must allege every element of offense).

---

[1] Armed Career Criminal Act, 18 U.S.C. § 924(e).

In *Rehaif*, the Supreme Court held that, to convict a defendant of a § 922(g) offense, the Government must prove that the defendant knew of his prohibited status. 588 U.S. at 228-32, 237. And in *Erlinger*, the Court held that, to apply the ACCA enhancement, the Government must prove that the defendant's predicate offenses "were 'committed on occasions different from one another.'" 602 U.S. at 834 (quoting 18 U.S.C. § 924(e)(1)).

Neither element was alleged in Dennison's indictment, which predated *Rehaif* and *Erlinger*. As a result, the district court plainly erred in convicting Dennison of the § 922(g)(1) charge and applying the ACCA enhancement. Nevertheless, we conclude that neither error affected Dennison's substantial rights.

To satisfy the third plain error prong in the *Rehaif* context, a defendant convicted of a felon-in-possession offense must "make[] a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon." *Greer v. United States*, 593 U.S. 503, 514 (2021). "When a defendant advances such an argument or representation on appeal, the [appellate] court must determine whether the defendant has carried the burden of showing a 'reasonable probability' that the outcome of the district court proceeding would have been different." *Id.*

Dennison has amassed a long and serious felony record, leading to several multi-year sentences. Absent compelling evidence to the contrary, it is difficult to fathom how Dennison's well-earned felony status could have slipped his mind. *See Greer*, 593 U.S. at 508 ("Felony status is simply not the kind of thing that one forgets." (citation modified)). We therefore find that the *Rehaif* error in this case does not warrant relief.

3

As for the *Erlinger* error, Dennison must demonstrate a reasonable probability that, had the indictment properly alleged the ACCA enhancement, he would have elected to go to trial. *See United States v. King*, 91 F.4th 756, 762 (4th Cir. 2024). Dennison cannot make this showing. "[T]he word 'occasion' in ACCA should be given its 'ordinary meaning'—that is, 'essentially an episode or event.'" *United States v. Brown*, 136 F.4th 87, 99 (4th Cir.) (quoting *Wooden v. United States*, 595 U.S. 360, 366 (2022)), *cert. denied*, 146 S. Ct. 391 (2025). According to the presentence report (PSR), each of Dennison's ACCA predicates was committed in a different year.[2] Consequently, the evidence that Dennison committed these crimes on different occasions is so overwhelming that there is no reasonable probability that he would have considered exercising his jury right just so he could argue to a jury that his ACCA predicates comprised only one or two episodes or events. *See id.* ("Given that the possibility of a favorable verdict on the 'different occasions' issue would have been so exceedingly remote as to be practically irrelevant, we cannot fathom that Brown would have traded the benefit of pleading guilty for such long odds." (citation modified)).

Next, we consider the district court's denial of Dennison's motion to suppress statements that he made to law enforcement, as well as a firearm and ammunition recovered during a traffic stop. "When the district court denies a motion to suppress, we review its legal conclusions de novo and factual findings for clear error, considering the evidence in

---

[2] As we explain below, Dennison has at least three valid ACCA predicates.

4

the light most favorable to the government." *United States v. Henderson*, 136 F.4th 527, 531 (4th Cir. 2025) (citation modified).

Testimony at the suppression hearing established that a person with a suspended license and outstanding warrant was driving a vehicle in which Dennison was a passenger. Law enforcement officers conducted a traffic stop, approached the vehicle, and smelled marijuana. Without advising Dennison of his *Miranda*[3] rights, one of the officers asked whether Dennison had any weapons on him, and Dennison replied that he had a loaded handgun in his waistband. The officer handcuffed Dennison, patted him down, secured the firearm, and then searched the vehicle for marijuana. The officer found marijuana in Dennison's sweatshirt.

*Miranda* warnings are required only when a suspect is interrogated while in police custody. *United States v. Leggette*, 57 F.4th 406, 410 (4th Cir. 2023). "A person detained as a result of a traffic stop is not in *Miranda* custody because such detention does not sufficiently impair the detained person's free exercise of his privilege against self-incrimination to require that he be warned of his constitutional rights." *Howes v. Fields*, 565 U.S. 499, 510 (2012) (citation modified). Because the statements that Dennison sought to suppress were made during a traffic stop, we find that the district court correctly determined that the failure to provide *Miranda* warnings did not require suppression.

Regarding Dennison's request to suppress the firearm and ammunition, an officer who reasonably suspects that a traffic-stopped vehicle contains illegal drugs "may, in the

---

[3] *Miranda v. Arizona*, 384 U.S. 436 (1966).

absence of factors allaying his safety concerns, order the occupants out of the vehicle and pat them down briefly for weapons to ensure the officer's safety and the safety of others." *United States v. Sakyi*, 160 F.3d 164, 169 (4th Cir. 1998). Here, the officer who conducted the patdown smelled marijuana emanating from the car, and Dennison admitted having a loaded firearm on his person. Given these facts, the district court correctly determined that the officer had reasonable suspicion to pat down Dennison, such that suppression of the firearm and ammunition was not warranted.

Finally, we consider the validity of Dennison's ACCA-enhanced sentence. The ACCA enhancement applies if a defendant convicted of a § 922(g)(1) offense "has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). "In considering a district court's determination that a defendant qualifies for an enhanced sentence under the ACCA, we review its factual findings for clear error and its legal conclusions *de novo*." *United States v. Sellers*, 806 F.3d 770, 772 (4th Cir. 2015).

The PSR identified five ACCA predicates. Two of them—South Carolina strong arm robbery offenses—indisputably qualify as violent felonies. *United States v. Doctor*, 842 F.3d 306, 312 (4th Cir. 2016); *accord United States v. Campbell*, 102 F.4th 238, 241 (4th Cir. 2024). And because we have previously found that South Carolina distribution of crack cocaine, first offense, categorically qualifies as a serious drug offense, *United States v. Furlow*, 928 F.3d 311, 322 (4th Cir. 2019), *vacated and remanded on other grounds*, 140 S. Ct. 2824 (2020), we conclude that Dennison's conviction for South Carolina distribution of crack cocaine, second offense, likewise qualifies. Consequently,

6

Dennison has at least three valid ACCA predicates, which is all that he needs for the ACCA enhancement to apply.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal.[4]   We therefore affirm the district court's judgment.  This court requires that counsel inform Dennison, in writing, of the right to petition the Supreme Court of the United States for further review.  If Dennison requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Dennison.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[4] Prior to filing the *Anders* brief, Dennison's counsel moved for summary disposition based on alleged errors under *United States v. Rogers*, 961 F.3d 291, 296 (4th Cir. 2020) (holding that sentencing court must orally pronounce all nonmandatory conditions of supervised release), and its progeny.  This court deferred action on the motion.  Now, having reviewed the alleged *Rogers* errors, we are satisfied that the district court properly imposed all nonmandatory conditions of supervised release.  We therefore deny the motion for summary disposition.